

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHNNIE L. THARPE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:10-CV-393 |
| ) | Phillips/Shirley |
| MERCANTILE ADJUSTMENT ) | |
| BUREAU, LLC and ) | |
| LVNV FUNDING LLC ) | Jury Trial Demanded |
| ) | |
| Defendants. ) | |

## COMPLAINT

### I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt.

2. The FDCPA broadly prohibits the use by debt collectors of any false, deceptive, or misleading representation or means in connection with the collection of a debt and the use by a debt collector of any unfair or unconscionable means to collect or attempt to collect a debt. *Frey v. Gangwish*, 970 F.2d 1516, 1518 (6th Cir. 1992).

### II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

4. Venue is proper in this District because the acts and transactions occurred here.

### III. PARTIES

5. Plaintiff Johnnie L. Tharpe (hereinafter "Plaintiff") is a natural person who resides in Knox County, Tennessee, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Mercantile Adjustment Bureau, LLC (hereinafter "Defendant Mercantile") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and is a for-profit corporation organized in New York, that maintains Larry H. Evans, 225 Peachtree Street NE, Suite 600, Atlanta, GA 30303 as its registered agent for service of process.

7. Defendant LVNV Funding LLC (hereinafter "Defendant LVNV") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and is a for-profit corporation organized in Delaware, that maintains The Corporation Trust Company, The Corporation Center, 1209 Orange Street, Wilmington, DE 19801 as its registered agent for service of process.

### IV. FACTUAL ALLEGATIONS

8. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Sometime prior to September 29, 2009 Plaintiff's debt was consigned, placed, sold or otherwise transferred to Defendants for collection from Plaintiff, when thereafter Plaintiff received collection communications and was subjected to collection acts from Defendants, all in an attempt to collect this debt.

### *Failure to Correctly State Amount of Debt*

10. Within one year prior to the filing of this Complaint, Defendant Mercantile sent Plaintiff a collection letter dated September 29, 2009. A redacted copy of this collection letter is filed as Exhibit 1 to this Complaint.

11. This collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collection of the debt and in an attempt to collect the debt.

12. This communication was the initial demand letter by Defendant Mercantile.

13. The collection letter from Defendant Mercantile stated that "[y]our account with LVNV FUNDING LLC (all capital letters in original) has been listed with our office for collection. The balance due is $1944.18."

14. Within one year prior to the filing of this Complaint, Defendant Mercantile sent Plaintiff a collection letter dated January 11, 2010. A redacted copy of this collection letter is filed as Exhibit 2 to this Complaint.

15. This collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collection of the debt and in an attempt to collect the debt.

16. This communication was a subsequent communication by Defendant Mercantile in connection with collection of the debt.

17. The collection letter from Defendant Mercantile stated that "[y]our account with LVNV FUNDING LLC (all capital letters in original) has been listed with our office for collection. The balance due is $1987.81."

18. Defendant Mercantile's September 29, 2009 collection letter does not provide Plaintiff with an accurate statement as to the amount of the debt which Defendant Mercantile was attempting to collect as required by 15 U.S.C. § 1692g(a)(1).

19. Defendant Mercantile's September 29, 2009 initial demand letter that disclosed an exact amount allegedly owing did not comply with 15 U.S.C. § 1692g(a)(1) where the amount included interest that changes periodically and the letter did not expressly state as of what date that amount is due or what impact payment of the stated amount would have on the consumer's obligation to pay later-accruing interest.

20. By failing to state the total amount due, including interest and other charges, on the date the collection letter was sent, Defendant Mercantile failed to state the amount of the debt in violation of 15 U.S.C. § 1692g(a)(1).

21. By failing to state the total amount due, including interest and other charges, on the date the collection letter was sent, Defendant Mercantile falsely represented the amount of the debt in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

*Summary*

22. The above-detailed conduct by these Defendants in an effort to collect the debt, including, but not limited to failing to correctly state the amount owed, making false, deceptive and/or misleading representations in their communications to Plaintiff, falsely representing the character, amount or legal status of the debt, using any false representation or deceptive means to collect or attempt to collect the debt, and using unfair means to collect or attempt to collect the debt was a violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

*Respondeat Superior Liability*

23. The acts and omissions of Defendant Mercantile and the other debt collectors employed as agents by Defendant LVNV and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant LVNV.

24. The acts and omissions by Defendant Mercantile and the other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant LVNV in collecting consumer debts.

25. By committing these acts and omissions against Plaintiff, Defendant Mercantile and the other debt collectors were motivated to benefit their principal, Defendant LVNV.

26. Defendant LVNV is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by its collection employees including, but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

## V.     TRIAL BY JURY

27. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## VI.     CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

28. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

5

29. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

30. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

09/03/10                          Respectfully submitted,

                                  **JOHNNIE L. THARPE**

                                  _____
                                  Alan C. Lee, Esq.
                                  Attorney for Plaintiff
                                  BPR #012700
                                  P. O. Box 1357
                                  Morristown, TN 37816-1357
                                  (423) 581-0924
                                  info@alanlee.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

**STATE OF TENNESSEE** )
**COUNTY OF KNOX** )

Plaintiff Johnnie L. Tharpe, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 8-24-10         By: *Johnnie L. Tharpe*
                          Johnnie L. Tharpe

Subscribed and sworn to before me this 24 day of August 2010.

*Lynn Bullock*
Notary Public

**My Commission Expires:**
**June 30, 2013**

8